UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

In re:

JOHN THOMAS FRUITTICHER JR.,  Case No. 15-30421-KKS
 Chapter 7
   Debtor.
_____/

BEACH COMMUNITY BANK,

   Plaintiff,

v.  Adv. Pro. No. 15-03015-KKS

JOHN THOMAS FRUITTICHER, JR.,

   Defendant.
_____/

**DEBTOR-DEFENDANT'S AMENDED REQUEST FOR CERTIFICATION
OF DIRECT APPEAL TO THE UNITED STATES COURT
OF APPEALS FOR THE ELEVENTH CIRCUIT**

The Debtor-Defendant, John Thomas Fruitticher, Jr. ("**Fruitticher**"), requests under Federal Rule of Bankruptcy Procedure 8006(f) that this Court certify its *Order Granting Beach Community Bank's Motion for Partial Summary Judgment and Final Judgment* (Docs. 102 and 103) (collectively, the "**Order**") for direct appeal to the Eleventh Circuit Court of Appeals, and as grounds states the following:

**INTRODUCTION**

The Order denied Fruitticher's discharge under 11 U.S.C. § 727(a)(2)(A), concluding that Fruitticher transferred within one year of the petition date property of the debtor with intent to hinder, delay, or defraud a creditor. In entering the Order, this Court noted that courts in the Eleventh Circuit are split on the question whether transfers of property that a debtor claims as

exempt can be the subject of a § 727(a)(2)(A) cause of action. Thus, cause exists for certification because the Order to be appealed involves (1) a question of law as to which there is no controlling Supreme Court or Eleventh Circuit precedent or (2) a question of law requiring resolution of conflicting decisions. 28 U.S.C. § 158(d)(2)(A)(i)–(ii).

This appeal presents the Eleventh Circuit with the opportunity—without having to delve into the record—to establish controlling law and resolve the conflicting decisions within the circuit on a recurring issue of statutory interpretation that all individual bankruptcy debtors must consider: their right to "exempt from property of the estate." 11 U.S.C. § 522(b)(1). The Court may therefore conclude in the alternative or in addition to the reasons above that this appeal "involves a matter of public importance" appropriate for direct appeal. 28 U.S.C. § 158(d)(2)(A)(i). A published opinion from the Eleventh Circuit determining what constitutes "property of the debtor" and "intent" under § 727(a)(2)(A) would resolve a matter of public importance by helping minimize the risk of continued inconsistent results in this circuit.

## ARGUMENT

1.   On December 27, 2017, this Court entered the Order, which denied Fruitticher a discharge under § 727(a)(2)(A) and dismissed the remaining counts in plaintiff-objecting creditor Beach Community Bank's amended complaint. Section 727(a)(2)(A) provides that "[t]he court shall grant the debtor a discharge, unless … the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody or property under this title, has [or has permitted to be] transferred, removed, destroyed, mutilated, or concealed … property of the debtor, within one year before the date of the filing of the petition."  A true and correct copy of the Order is attached hereto as Exhibit "A."

2. Only the property-of-the-debtor and intent elements were at issue here. As the Order recognizes, in the absence of controlling case law, courts within the circuit have split on what constitutes "the property of the debtor" and "intent to hinder, delay, or defraud a creditor" under § 727(a)(2)(A). Order at 6.

3. Moreover, in concluding that the Bank satisfied the property-of-the-debtor element, the Court declined to follow *In re Wingate*, a Florida bankruptcy case holding that for § 727(a)(2)(A) purposes, "the property transferred must be property that would have been property of the estate except for the transfer." Order at 5 (citing 332 B.R. 549, 553 (Bankr. M.D. Fla. 2005)). The Court instead followed *In re Harman*, No. 11-67522-MHM, 2014 WL 5359708, at *6 (Bankr. N.D. Ga. Sept. 11, 2014), to conclude that the transferred property—rental income belonging to two trusts for which Fruitticher and his nondebtor wife are co-trustees, money from an entireties account, and Fruitticher's employment income as head of household—constituted the debtor's property even if such property were exempt under applicable law.

4. In concluding that the intent element had been met, the Court again noted the conflict between *Wingate* and *Harman*. Under *Wingate* and other Florida bankruptcy cases cited in the Order, "a debtor's transfer of exempt property does not establish intent for purposes of a § 727(a)(2)(A) claim." Order at 6 (citing *Wingate*, *supra*; *In re Short*, 188 B.R. 857, 859–60 (Bankr. M.D. Fla. 1995); *In re Dinsmore*, No. 6:03-BK-08056-ABB, 2005 WL 419709, at *1 (Bankr. M.D. Fla. Jan. 4, 2005)). The Court instead followed *Harman*, *Hines v. Marchetti*, 436 B.R. 159, 165–66 (M.D. Ala. 2010), and *In re Tomberlin*, No. 16-10168-DHW, 2017 WL 5125532, at *3 (Bankr. M.D. Ala. Nov. 3, 2017) and concluded that the transfers constituted attempts to hinder or delay a creditor even if Fruitticher believed in good faith that creditors could not reach the transferred property. Order at 6–7.

3

5.	As the conflicting cases cited above show, the Order "involves a recurring issue of statutory interpretation" as to which there is no controlling case law from the Supreme Court or the Eleventh Circuit and which requires resolution. *Cf. In re Blue Stone Real Estate, Constr. & Dev. Corp.*, 396 B.R. 555, 557 (Bankr. M.D. Fla. 2008). All individual debtors must consider available exemptions in deciding whether to file for bankruptcy relief and in filling out the bankruptcy schedules. It is important that they understand the risks of filing and the possibility that they may not, based on transfers made even in good faith, get the discharge that is the goal of bankruptcy. The public would benefit from a controlling decision that resolves the conflicting decisions on this issue.

6.	Furthermore, a direct appeal of the Order will also clarify a matter of public importance on the intersection of 11 U.S.C. §§ 522(b)(1) and 727(a)(2). Section 522(b)(1) states that "an individual debtor may exempt from property of the estate." Rule 4003(c) provides that the presumption favors the Debtor. Other bankruptcy courts have held that "exemptions are to be construed liberally in favor of providing the benefits of the exemptions to debtors." *In re Gatto*, 380 B.R. 88, 91 (Bankr. M.D. Fla. 2007). However, the Order states that a debtor may not "unilaterally decide exemptions for himself for § 727(a)(2) purposes." Order at 6. If the exempt status of property is irrelevant when considering whether a debtor is entitled to discharge, then any debtor who sells or otherwise transfers exempt property within a year of bankruptcy, such as a sale of their homestead, could be denied a discharge. If true, then potential chapter 7 debtors would have to weigh additional risks to weigh, which would result in a chilling effect on potential chapter 7 debtors.

WHEREFORE, Fruitticher requests that the Court certify the Order for direct appeal to the Eleventh Circuit.

DATED this 24th day of January, 2018.

>
> */s/ Jodi D. Cooke*
> Edward J. Peterson (FBN 14612)
> Jodi Daniel Cooke (FBN 52651)
> Stichter, Riedel, Blain & Postler, P.A.
> 41 North Jefferson Street, Suite 111
> Pensacola, Florida  32502
> Telephone: (850) 637-1836
> Facsimile: (850) 791-6545
> Email: epeterson@srbp.com
> Email:     jcooke@srbp.com
> Attorneys for Debtor/Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing *Debtor-Defendant's Request for Certification of Direct Appeal to the United States Court of Appeals for the Eleventh Circuit* has been furnished on this 24th day of January, 2018, by electronic mail to:

Robert Sterling Rushing on behalf of Plaintiff Beach Community Bank
rushing@carverdarden.com, hammock@carverdarden.com

>
> */s/ Jodi D. Cooke*
> Attorneys for Debtor/Defendant