UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE:

JOHN THOMAS FRUITTICHER, JR.,    CASE NO. 15-30421-KKS

    Debtor.
_____

BEACH COMMUNITY BANK,

    Plaintiff,

v.    ADV. PROC. NO. 15-03015

JOHN THOMAS FRUITTICHER, JR.,

    Defendant.

## ORDER GRANTING BEACH COMMUNITY BANK'S MOTION FOR PARTIAL SUMMARY JUDGMENT

This adversary proceeding is before the court on the motion for partial summary judgment (doc. 94) filed by the plaintiff Beach Community Bank ("the Bank") as to count one of its amended complaint (doc. 17). After reviewing the submissions of the parties and hearing argument from both sides, the court grants the Bank's motion and finds that the debtor John Thomas Fruitticher, Jr. should be denied a discharge pursuant to 11 U.S.C. § 727(a)(2)(A).

### Background

The debtor, who is indebted to the Bank for over $2 million based on a 2008 judgment, filed this bankruptcy on April 15, 2015. The Bank alleges that within a year of the petition date, the debtor deposited his personal funds into the bank account of the Celinda Fruitticher Trust at Members First Credit Union, instead of into his account with his wife Celinda at Members First, to prevent creditors from garnishing the funds.

Specifically, the Bank alleges that the debtor and his wife have deposited all rental income ("the rental income") from two rental properties owned by two trusts – one formed in the debtor's name and one formed in his wife's name – "into the Celinda Fruitticher Trust [account] even though the Debtor's Trust is entitled to 50% of the rental income." (*See* Am. Compl., doc. 17, at pp. 3-4).  The Bank also claims that the debtor has deposited payments received from his employment with the Fruitticher Lowery Appraisal Group ("the employment income") and has transferred money from a joint checking account with his wife at another bank ("the joint funds") into the Celinda Fruitticher Trust account.  It is undisputed that the debtor made over $50,000 in deposits of rental income, employment income, and joint funds into the Celinda Fruitticher Trust bank account within a year prior to the petition date. (*See, e.g.*, Celinda Fruittcher Trust bank account records, doc. 96-5).

At the debtor's rule 2004 examination, the debtor testified as follows about that account:

Q: So I just want to make sure I understand.  The trust, the Celinda Fruitticher Trust was formed in 2003.  It doesn't have a bank account, all the way until 2009, 2009, somewhere in that time frame?

A: That's right.

Q: So somewhere in that time frame, Vision Bank garnished your checking account that you had at Members First in your individual name?

A: That's right.

Q: And then you decided to open up the checking account with the trust name so that you could use that account as opposed to the one that was garnished?

A: That's right.

Q: Do you still have a Members First checking account in your name?

A: I do.

Q: Is that an account you still use?

2

>
> A: Well, I hadn't used it for the past -- pretty much since it was garnished, but I am about to start using it again. . . .
>
> Q: Okay. But you started using the Celinda Fruitticher Trust because Vision Bank garnished --
>
> A: Right.
>
> Q: -- your individual account?
>
> A: That's right.
>
> Q: And you did that so that they couldn't -- them or any other creditor -- couldn't garnish your individual account and get to your money anymore?
>
> A: Yes, that's right.

(Rule 2004 exam, doc. 91-1, at 18-19, 26).

The debtor submitted evidence that in 2010 a Florida state court dissolved a writ of garnishment by Vision Bank directed to his personal account after taking evidence and finding that the evidence supported the debtor's "claim of exemption based upon the entireties nature of the account." (*See* order, doc. 99-3). He also offered an affidavit (doc. 99-1) in which he states:

> I was afraid one of my creditors would try to garnish the [personal account] again, even though the [state court judge] ruled it was exempt, so to avoid the complications of another invalid garnishment attempt, Celinda and I . . . opened [the Celinda Fruitticher Trust account] . . . .
>
> I knew my wages were exempt from garnishment under Florida law because I provide more than one-half the support for a child or other dependent, so I did not think it matter which account they were deposited into. Following the Vision garnishment attempt, I began depositing my wages into the Trust Account, too.

(*Id.* at ¶6). He testified similarly in his deposition. (*See* Fruitticher dep., doc. 99-4, at 89-91).

## Standard of Review

Under Federal Rule of Civil Procedure 56, applicable in this proceeding pursuant to Federal Rule of Bankruptcy Procedure 7056, "[t]he court shall grant summary judgment if the

3

movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "At the outset, the mov[ant] has the burden of demonstrating that there are no genuine issues of material fact, but once that burden is met the burden shifts to the nonmov[ant] to bring the court's attention to evidence demonstrating a genuine issue for trial." *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1121 (11th Cir. 2014). In deciding a summary judgment motion, the court views the evidence in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The Bank argues that there is no genuine dispute as to any material fact on its claim against the debtor pursuant to § 727(a)(2)(A) in count one of its amended complaint. The debtor opposes the motion and argues that the court should deny summary judgment based on his affidavit and deposition testimony.

<u>Legal Discussion</u>

Section 727 provides in pertinent part that "[t]he court shall grant the debtor a discharge, unless . . . the debtor, with intent to hinder, delay, or defraud a creditor . . . , has transferred . . . property of the debtor, within one year before the" petition date. *See* 11 U.S.C. § 727(a)(2)(A). Thus, the Bank "must prove by a preponderance of the evidence that: (1) a transfer occurred; (2) the transfer was of debtor's property; (3) the transfer was made . . . within one year prepetition[;] and (4) the transfer was done with the intent to hinder, delay, or defraud a creditor . . . ." *In re Tipler*, 360 B.R. 333, 341 (Bankr. N.D. Fla. 2005).

Only the second and fourth elements are disputed here. Accordingly, the court must examine each of those elements to determine if summary judgment is warranted.

I.  The debtor's property

The debtor argues the transfers of rental income were not of his property, but of property belonging to the two trusts in his name and in his wife's name. Even if the transfers of rental income were of trust property, the evidence is undisputed that the debtor also deposited his own employment income and funds from a joint account at another bank into the Celinda Fruitticher Trust account. (*See, e.g.*, Celinda Fruittcher Trust bank account records, doc. 96-5). The debtor argues that the transfers would not have been property of the estate because (1) his employment income was exempt under Florida Code § 222.11, and (2) the joint funds were exempt tenancy by the entireties property. He relies on *In re Wingate*, 332 B.R. 549 (Bankr. M.D. Fla. 2005) in support.

In *In re Wingate*, the bankruptcy court stated that for a § 727 claim, "the property transferred must be property that would have been property of the estate except for the transfer." *Id.* at 653. However, the *In re Wingate* court effectively read a "property of the estate" requirement into § 727(a)(2)(A) that is not contained in its plain language. Regardless of whether the debtor's prepetition employment income would have been property of the bankruptcy estate, there is no genuine issue of material fact that it was property of the <u>debtor</u>, which is all that § 727 requires. *See, e.g.*, *In re Harman*, No. 11-67522-MHM, 2014 WL 5359708, at *6 (Bankr. N.D. Ga. Sept. 11, 2014). Likewise, there is no genuine dispute that the funds in the joint bank account with his wife were at least in part the debtor's property. Even so, under 11 U.S.C. § 541, all interests of the debtor in property – including the prepetition employment income and joint funds – would have become property of the estate upon filing of a petition; the property claimed as exempt would remain in the estate unless there was no objection to the claimed exemption or the court overruled an objection to the exemption. *See, e.g.*, *In re*

5

*Gatto*, 380 B.R. 88, 93 (Bankr. M.D. Fla. 2007); *In re Quezada*, 368 B.R. 44, 48 (Bankr. S.D. Fla. 2007).

II.     Intent to hinder, delay, or defraud

The debtor also contends that there are fact issues surrounding his intent because his deposition testimony and affidavit confirm that he "believed all assets deposited in the Trust Account were exempt from his individual creditors' claims no matter where they are deposited." (Def. resp., doc. 99, p.13).  The Eleventh Circuit has not addressed this issue of whether allegedly exempt property can be the subject of a § 727(a)(2)(A) claim, and other courts are split.

Bankruptcy courts in the Middle District of Florida have found that a debtor's transfer of exempt property does not establish intent for purposes of a § 727(a)(2)(A) claim.  *See In re Wingate*, 332 B.R. at 654; *In re Short*, 188 B.R. 857, 859-60 (Bankr. M.D. Fla. 1995); *In re Dinsmore*, No. 6:03-BK-08056-ABB, 2005 WL 419709, at *1 (Bankr. M.D. Fla. Jan. 4, 2005). However, a bankruptcy court in the Northern District of Georgia recently rejected this approach:

> Debtor also argues that, because the [challenged transfer of] funds were funds from Social Security payments, [the funds] are exempt from garnishment and from Bankruptcy, and therefore the [transfer of funds] cannot have been a transfer with actual intent to hinder, delay, or defraud creditors.  This argument conflates intent with result, and it must fail.  Nothing in § 727(a)(2) requires that the property transferred be garnishable, or the transfer be successful in hindering creditors—the statute merely requires that Debtor *intended* that the transfer hinder creditors. . . .
>
> Because the record in this case shows no issues of material fact with respect to Defendant's intent to hinder and delay creditors by transferring [funds prepetition], Defendant's discharge must be denied pursuant to § 727(a)(2).

*In re Harman*, 2014 WL 5359708, at *6-7 (emphasis in original).

The court need not decide whether the transferred property was in fact exempt because the court agrees with the reasoning of the bankruptcy court in *In re Harman* and declines to effectively allow a debtor to unilaterally decide exemptions for himself for § 727(a)(2) purposes.

6

Even if the debtor in good faith believed that creditors would ultimately fail in garnishing his personal account, his preemptive deposits of his funds into his wife's trust to avoid creditors' collection attempts constitute transfers with intent to hinder or delay creditors. Viewing the evidence in the light most favorable to the debtor, he may not have had a fraudulent intent, but there is still no genuine issue of material fact that he made the transfers at issue with the intent to hinder or delay creditors – he has admitted as much. *See, e.g.*, *Hines v. Marchetti*, 436 B.R. 159, 165-66 (M.D. Ala. 2010); *see also, e.g.*, *In re Tomberlin*, No. 16-10168-DHW, 2017 WL 5125532, at *3 (Bankr. M.D. Ala. Nov. 3, 2017) ("Although a defendant may not have the intent to defraud, the intent to hinder or delay a creditor is sufficient to warrant a denial of a discharge under § 727(a)(2).").

By unilaterally deciding that the subject property was exempt, the debtor effectively denied the Bank and other creditors the opportunity to pursue proper judicial procedures in state or bankruptcy court to determine if the funds truly were exempt. *See, e.g.*, *In re Colvin*, 288 B.R. 477, 483 (Bankr. E.D. Mich. 2003) ("Debtors cannot be permitted to exempt property by self-help. . . . 'Property is not exempt by fiat of the debtor, but only through a process of compliance with the statutory disclosures and then by order of the bankruptcy court.'") (citation and brackets omitted). Neither a state court's finding several years earlier that certain funds were not garnishable nor the debtor's alleged belief that the transferred funds would not have been subject to garnishment compels denial of summary judgment where there is direct evidence in the form of the debtor's sworn testimony that he put the funds into the Celinda Fruitticher Trust account to keep creditors from attempting to garnish them. *Cf. In re Harmon*, 2014 WL 5359708, at *6 ("Viewed in the light most favorable to Debtor, the Court cannot read Debtor's testimony regarding the [transfer at issue] as anything but an admission of Debtor's intent to hinder the

7

efforts of his creditors."). The debtor's argument in this respect "conflates intent with result, and it must fail." *See id.* As stated by the *In re Harman* court, "[n]othing in § 727(a)(2) requires that the property transferred be garnishable, or the transfer be successful in hindering creditors—the statute merely requires that Debtor *intended* that the transfer hinder creditors[,]" as was the case here. *See id.* *6 (emphasis in original).

## Conclusion

To the extent the court has not specifically addressed any of the parties' arguments or evidence, it has considered them and determined that they would not alter the result. For the reasons discussed above, the court finds that there are no genuine issues of material fact and the plaintiff Beach Community Bank is entitled to judgment as a matter of law on its claim under § 727(a)(2)(A) in count one of the amended complaint. Therefore, the court grants the Bank's motion for partial summary judgment (doc. 94).

Counsel for the Bank stated at oral argument that the Bank did not wish to proceed on its remaining counts two (§ 727(a)(3)), three (§ 727(a)(4)), and four (§ 727(a)(5)), if the court granted its motion for partial summary judgment on count one. The court will thus enter a separate judgment denying discharge under count one and dismissing counts two, three, and four without prejudice.

Dated: December 27, 2017

_____
HENRY A. CALLAWAY
U.S. BANKRUPTCY JUDGE

8