UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE:

JOHN THOMAS FRUITTICHER, JR., CASE NO. 15-30421-KKS

Debtor.

---

BEACH COMMUNITY BANK,

Plaintiff,

v. ADV. PROC. NO. 15-03015

JOHN THOMAS FRUITTICHER, JR.,

Defendant.

ORDER CERTIFYING DIRECT APPEAL

This adversary proceeding is before the court on the debtor-defendant John Thomas Fruittcher, Jr.'s request (doc. 108) and amended request (doc. 116) pursuant to Federal Rule of Bankruptcy Procedure 8006(f) for certification of direct appeal to the United States Court of Appeals for the Eleventh Circuit of this court's order and judgment (docs. 102, 103) denying the debtor a discharge under to 11 U.S.C. § 727(a)(2)(A). The plaintiff Beach Community Bank filed a response and objection (doc. 115) to the original request.[1] The debtor then filed a timely notice of appeal (doc. 117). *See* Fed. R. Bankr. P. 8002; Fed. R. Bankr. P. 8006(b) ("a matter remains pending in the bankruptcy court for 30 days" after a notice of appeal is filed for

---

[1] The requests were substantively the same, except the debtor attached a copy of the court's order and judgment to his amended request. Therefore, the court did not order a second response by the plaintiff.

purposes of considering certification). Having reviewed the submissions of the parties and the applicable law, the court will certify a direct appeal to the Eleventh Circuit Court of Appeals.

Background

The debtor owes plaintiff Beach Community Bank over $2 million based on a 2008 judgment. He filed a chapter 7 bankruptcy on April 15, 2015. During the year before the petition date, the debtor deposited his employment income and other funds into the bank account of the "Celinda Fruitticher Trust" at Members First Credit Union, instead of into his own account with his wife Celinda at the same credit union. (*See* Celinda Fruitticher Trust bank account records, doc. 96-5). At the debtor's Rule 2004 examination, the debtor testified that he deposited the funds into the Celinda Fruitticher Trust account to avoid garnishment by his creditors. (*See* Rule 2004 exam, doc. 91-1, at 18-19, 26).

The plaintiff moved for partial summary judgment against the debtor on its claim brought pursuant to 11 U.S.C. § 727(a)(2)(A), which provides in pertinent part that "[t]he court shall grant the debtor a discharge, unless . . . the debtor, with intent to hinder, delay, or defraud a creditor . . . , has transferred . . . property of the debtor, within one year before the date of the filing of the petition . . . ." The parties disputed whether the transferred funds would have been exempt from the bankruptcy estate or state court collection under Florida law.

In its summary judgment order (doc. 102), the court found that, regardless of whether the transferred funds would have been exempt, they were property of the debtor, which is all that § 727 requires. Given the debtor's testimony that he deposited funds into his wife's trust account to keep them from being garnished by creditors, the court held that this admitted purpose constituted "intent to hinder or delay" creditors under § 727(a)(2)(A) as a matter of law. *See, e.g.*, *In re Tomberlin*, No. 16-10168-DHW, 2017 WL 5125532, at *3 (Bankr. M.D. Ala. Nov. 3,

2017) ("Although a defendant may not have the intent to defraud, the intent to hinder or delay a creditor is sufficient to warrant a denial of a discharge under § 727(a)(2)."). The court thus granted the plaintiff's motion for partial summary judgment and entered a final judgment (doc. 103) denying the debtor a discharge pursuant to § 727(a)(2)(A).

Legal Discussion

28 U.S.C. § 158 grants the district courts of the United States the jurisdiction to hear appeals from final orders of the bankruptcy court. That section also provides for jurisdiction of direct appeals from the bankruptcy court to the appropriate court of appeals (here, the Eleventh Circuit) if the bankruptcy court certifies that:

> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
>
> (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
>
> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken. . . .

28 U.S.C. § 158(d)(2)(A). Certification is mandatory if the bankruptcy court determines that any of these circumstances exist. *See* 28 U.S.C. § 158(d)(2)(B). A party may request certification from the bankruptcy court to the Eleventh Circuit under Federal Rule of Bankruptcy Procedure 8006(f). However, certification by the bankruptcy court does not mean that the Eleventh Circuit will automatically take the case; the Eleventh Circuit must also authorize a direct appeal. *See* 28 U.S.C. § 158(d)(2)(A).

As noted by this court in its summary judgment order, the Eleventh Circuit has not addressed the issue of whether a debtor's prepetition transfer of his allegedly exempt property to

keep it away from creditors is grounds for denying a discharge under § 727(a)(2)(A), and bankruptcy courts in the circuit are split on this issue. *Compare In re Wingate*, 332 B.R. 649, 654 (Bankr. M.D. Fla. 2005) (a debtor's transfer of exempt property does not establish intent for purposes of a § 727(a)(2)(A) claim), *with In re Harman*, No. 11-67522-MHM, 2014 WL 5359708, at *6-7 (Bankr. N.D. Ga. Sept. 11, 2014) (Debtor's argument that he did not act with the requisite intent because the challenged transfer was of funds which were exempt from garnishment and from bankruptcy "conflates intent with result and it must fail. Nothing in § 727(a)(2) requires that the property transferred be garnishable, or the transfer be successful in hindering creditors—the statute merely requires that Debtor *intended* that the transfer hinder creditors. . . .") (emphasis in original). Accordingly, the court finds that certification is appropriate under both subsections (i) and (ii) of § 158(d)(2)(A) should the Eleventh Circuit choose to authorize a direct appeal.

The court therefore grants the debtor-defendant's amended request (doc. 116) for certification of direct appeal and denies as moot the debtor-defendant's original request (doc. 108). The court hereby certifies the direct appeal of its order and judgment (docs. 102, 103) to the United States Court of Appeals for the Eleventh Circuit pursuant to 28 U.S.C. § 158(d)(2)(A)(i) and (ii).

Dated: January 31, 2018

HENRY A. CALLAWAY
U.S. BANKRUPTCY JUDGE